UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CORNELL AUGUSTUS MCKENZIE, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6: 17-172-GFVT |
| | ) |
| v. | ) |
| | ) |
| J. RAY ORMOND, Warden, | ) **MEMORANDUM OPINION** |
| | ) **&** |
| Respondent. | ) **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Cornell Augustus McKenzie has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 11.] This matter is before the Court to conduct an initial screening of his petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 1991 a grand jury in Alexandria, Virginia, issued an indictment charging McKenzie with drug and firearms offenses for his leadership role in operating a drug trafficking ring in Washington, D.C. Specifically, McKenzie was charged with conspiracy to possess with intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 846, conducting a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and two counts of possession with intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851 establishing that McKenzie was subject to enhanced sentences on the drug trafficking counts because he had several prior convictions for drug-related offenses.

McKenzie elected to have the trial judge determine his guilt or innocence. Following an extensive trial, the judge found McKenzie guilty on all counts in February 1992. McKenzie indicates that the trial judge later dismissed his conspiracy conviction under § 846 as a lesser included offense to his CCE conviction under § 858. Because McKenzie had "two or more prior convictions for a felony drug offense" when he engaged in drug trafficking in violation of § 841(a), the statute required that he be "sentenced to a mandatory term of life imprisonment" for those offenses. 21 U.S.C. § 841(b)(1)(A). The trial court sentenced McKenzie to concurrent terms of life imprisonment on the two § 841 drug trafficking convictions.[1] *United States v. McKenzie*, No. 1: 91-CR-429-AVB-1 (E.D. Va. 1991). The Fourth Circuit affirmed on direct appeal. *United States v. McKenzie*, 983 F. 2d 1058, 1993 WL 6832 (4th Cir. 1993).

In his petition, McKenzie argues that the trial court erred when it imposed life sentences for the drug trafficking convictions under §841 because it failed to evaluate his prior state drug convictions using the categorical approach described in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). [R. 11 at 5.] Those prior convictions included three prior Florida convictions for felony drug possession and one prior Florida conviction for felony drug trafficking. [R. 11 at 4; 11-1] See also *McKenzie*, No. 1: 91-CR-429-AVB-1 [Record No. 129-8]

A federal prisoner challenging the legality of his federal conviction or sentence must generally do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A

---

[1] McKenzie would have received a sentence of life imprisonment under the sentencing guidelines even if § 841(b)(1)(A) had not required it. The trial court noted in its guidelines worksheet and in its sentencing findings that McKenzie's adjusted severity level was 49 and he had a criminal history category of V, resulting in a sentence of life imprisonment under the guidelines table. *McKenzie*, No. 1: 91-CR-429-AVB-1 [R. 129-1, 129-8 therein]

habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The savings clause of § 2255(e) provides a narrow exception this rule. To properly invoke it, the petitioner must be asserting a claim that he is "actual[ly] innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

The strict requirements to meet this test apply with particular force to challenges to the petitioner's sentence, as opposed to his conviction. In this circuit, to challenge the enhancement of a sentence in a § 2241 petition (1) the petitioner's sentence must have been imposed when the Sentencing Guidelines were mandatory prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner must have been foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

McKenzie's claim fails to satisfy at least the second and third requirements. While McKenzie points to the *Mathis* decision as a basis for relief, his claim is not actually based on it. In *Mathis*, the Supreme Court reminded courts that for purposes of determining whether to apply the career offender enhancement found in 18 U.S.C. § 924(e)(1), a statute defining a predicate offense is divisible (thus permitting review of extrinsic materials under *Shepard*) only when it defines multiple offenses, not when it merely describes alternative factual means to commit a single offense. *Mathis*, 136 S. Ct. at 2248-50.

McKenzie contends that *Mathis* precludes reliance upon his prior Florida convictions for drug possession and drug trafficking as a basis to enhance his sentence under § 841(b)(1)(A). But *Mathis* does not address or relate to enhancement under that provision. *Mathis* involved enhancements under 18 U.S.C. § 924(e), and its holding is applicable to enhancements under that section and the functionally-identical guidelines counterpart found in U.S.S.G. § 4B1.1(a). McKenzie's sentence was not enhanced under either of these provisions. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed two "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances" (emphasis added).

By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913,

932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis involved in cases governed by *Mathis* is simply not relevant to McKenzie's circumstances.

McKenzie's petition thus fails to establish a basis for habeas relief.[2] Cf. *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

Finally, the Court will grant McKenzie's recent motion to amend his petition to note the Supreme Court's remand order in *Persaud v. United States*, 134 S. Ct. 1023 (2014). [R. 12] In *Persaud*, the Supreme Court agreed to remand the case for further consideration only because the Solicitor General flatly conceded the petitioner's argument that a challenge to a sentence may be pursued under the savings clause of § 2255(e). *Id*.

However, courts throughout the country have consistently rejected the argument that the proceedings in *Persaud* have any bearing on the scope of the savings clause because the Supreme Court's remand order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong. *Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d

---

[2] The Court has reviewed and is aware of McKenzie's outstanding efforts at rehabilitation, self-realization, and education of himself as well as the mentoring of other inmates over the past 15 years. *McKenzie*, No. 1: 91-CR-429-AVB-1 [R. 129-1 at 3, 4, 5 therein] Regrettably, *Mathis* does not afford a basis for relief in this proceeding.

5

676, 681 (6th Cir. 2006). Rather, the grant/vacate/remand order used in *Persaud* is "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Man. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005). While the remand order in *Persaud* gave the Fourth Circuit an opportunity to reconsider its own decision, it does not give district courts free license to ignore binding circuit precedent. Cf. *Sharbutt v. Vasquez*, 600 F. App'x 251 (5th Cir. 2015) ("[Petitioner's] contention that [*Persaud*] stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision.").

Here, binding precedent from the Sixth Circuit bars McKenzie from seeking relief through a § 2241 petition, and his petition must be denied. Cf. *Wells v. Snyder–Morris*, No. 15-CV-17-HRW, 2015 WL 2356692, at *8 (E.D. Ky. May 15, 2015); *Rodriguez v. Thomas*, No. 1:14-CV-1121, 2015 WL 179057, at *4 (M.D. Penn. Jan. 14, 2015); *Cotrell v. Hastings*, No. , 2015 WL 900112, at *4 (S.D. Ga. Mar. 3, 2015).

Finally, the government's position in *Persaud* would not assist McKenzie because the Solicitor General "did not suggest that a prisoner may bring such a challenge if he could have previously raised the argument in a § 2255 motion." See *King v. Terris*, No. 14-CV-14627, 2015 WL 3888163, at *5-7 (E.D. Mich. June 24, 2015). McKenzie's present argument that a § 841(b)(1)(A) enhancement is only appropriate where the prior state drug offense is equivalent to its federal counterpart defined in the Controlled Substances Act in light of the categorical approach, first identified three years *before* McKenzie's conviction in *Taylor v. United States*, 495 U.S. 575 (1990), is one that he could and must have asserted on direct appeal or in an initial

6

motion under 28 U.S.C. § 2255. He therefore may not assert that claim in a habeas corpus petition under § 2241.

Accordingly, it is hereby **ORDERED** as follows:

1. Cornell Augustus McKenzie's motion to submit supplemental authority [R. 12] is **GRANTED**;

2. McKenzie's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 11] is **DENIED**;

3. The Court will enter a corresponding Judgment; and

4. This action is **STRICKEN** from the active docket of the Court.

This the 3rd day of January, 2018.

Gregory F. Van Tatenhove
United States District Judge